**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

FEB 11 2020

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 19-30078 |
| Plaintiff-Appellee, | D.C. No. 4:18-cr-06025-SMJ-1 |
| v. | |
| ANTONIO FAUSTINO DELEON, | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Eastern District of Washington
Salvador Mendoza, Jr., District Judge, Presiding

Submitted February 4, 2020**

Before:     FERNANDEZ, SILVERMAN, and TALLMAN, Circuit Judges.

Antonio Faustino Deleon appeals from the district court's judgment and

challenges the 188-month sentence imposed following his guilty-plea conviction

for possession with intent to distribute 500 grams or more of methamphetamine, in

violation of 21 U.S.C. § 841 (a)(1) and (b)(1)(A)(viii).  We have jurisdiction under

---

\*      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

28 U.S.C. § 1291, and we affirm.

Deleon contends that the district court erred by failing to explain the sentence adequately and consider the 18 U.S.C. § 3553(a) sentencing factors. We review for plain error, *see United States v. Valencia-Barragan,* 608 F.3d 1103, 1108 (9th Cir. 2010), and conclude that there is none. The record reflects that the district court considered the section 3553(a) sentencing factors and thoroughly explained its reasons for imposing the sentence at the low end of the Guidelines range, including the seriousness of the offense, the need to promote respect for the law, and the need to afford adequate deterrence to Deleon's criminal conduct. *See United States v. Carty*, 520 F.3d 984, 992 (9th Cir. 2008) (en banc). Moreover, the sentence is substantively reasonable in light of the section 3553(a) sentencing factors and the totality of the circumstances. *See Gall v. United States*, 552 U.S. 38, 51 (2007).

**AFFIRMED.**